*245
 
 Pearson, J.
 

 Tlie question 'is somewhat complicated by the fact, that the plaintiff was the owner of the wharf, and also of the rosin. Divest it of that circumstance, and it is a plain one. A wharfinger lias a -double remedy for his wharf-age : a lien on the article, and a “ personal lien” or claim on the owner. If the owner sells and a
 
 “
 
 delivery order” is handed to the wharfinger, with a tender of the wharfage, there is no farther claim on the vendor, and the personal lien attaches to the vendee, on the ground that the wharfinger is no longer
 
 liable
 
 to the vendor for the safe-keeping of the article, and of course, has no further
 
 claim
 
 on him, but the wharfinger’s liability and liis corresponding claim pass over to the vendee. This must be so, otherwise the sale of the article would be clogged by imposing on vendors the necessity of requiring from the vendee, in every instance, an indemnity against the liability for future wharfage, because it would no longer be in his power to remove the article, or to compel the vendee to do se. In other words, as soon as the vendor’s connection with the article is terminated, and the wharfinger has due notice thereof, his liability also ceases, and it is not in the power of the wharfinger to hold him at his mercy. In
 
 Barry
 
 v. Longman, 12 A. and E. 642, (40 E. C. L. Rep. 144,) such is assumed to be the law, and the question made was, whether it was indispensable that a “ delivery order” should be handed to the wharfinger, or whether it was sufficient to give him verbal
 
 notice
 
 of the sale. It was held that such notice is sufficient to put an end to his claim or “ personal lien” (as it is therein expressed,) against the vendor; on the ground that such notice has the same effect as a delivery order to put an end to his liability to the vendor for the safe-keeping of the article.
 

 If the vendor, as a part of the agreement of sale, assumes to the vendee that he will pay the wharfage for, say, ten days after the sale, it is clear that this private arrangement in no way affects the rights of the wharfinger, being a matter in which he has no concern.
 

 In our case the plaintiff, as vendor, by his agent the broker.
 
 *246
 
 assumes, as part of the agreement of sale, to relieve the ven-dee from wharfage for ten days, or, which is the same thing, being also the wharfinger, he agrees to- make no charge for that time; “ the rosin to remain after the- expiration of that time at the customary rates,” we a-re nnablie to- see any ground upon which the accident that the plaintiff was both vendor and wharfinger, can take the case out of' the general rule stated above. His liability, as wharfinger,, to the defendant, terminated when he was notified of the sale to Van. Bokelin, and there is no principle upon which he can be allowed to elect to hold defendant liable after his connection with the rosin was at an end and he had no longer the power to remove it.
 

 Per CuriaM, Judgment reversed-